UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PEDRO MENDOZA PABLO, | Case No. 25-cv-07463-LB |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE TO USCIS** |
| KRISTI NOEM, et al., | Re: ECF No. 16 |
| Defendants. | |

The court remands the case to the United States Citizenship and Immigration Services (USCIS) to issue a request for evidence or notice of intent to deny regarding plaintiff Pedro Mendoza Pablo's naturalization application within thirty days of this order and to complete adjudication of his naturalization application within sixty days of the plaintiff's response.[1]

The plaintiff is a citizen of Guatemala. He has been a lawful permanent resident in the United States since August 2008, after his wife was granted asylum in 2008. He filed an application for naturalization (Form N-400) with USCIS on December 30, 2024. On May 1, 2025, the USCIS interviewed him in connection with his application. On September 3, 2025, the plaintiff filed this

---

[1] Ghirmai Decl. – ECF No. 16-1 at 1 (¶ 6). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. The court can decide the government's motion to remand without oral argument. Civil L.R. 7-1(b). All parties have consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1). Consents – ECF Nos. 7, 9.

ORDER – No. 25-cv-07463-LB

action under 8 U.S.C. § 1447(b), asking the court to review his application de novo and determine him eligible for naturalization.[2] The government declares that USCIS is prepared to issue a request for evidence or a notice of intent to deny the plaintiff's naturalization application within thirty days of this order and to complete adjudication within sixty days of the plaintiff's response.[3]

If USCIS does not adjudicate a Form N-400 within 120 days of the initial interview, an applicant may seek a de novo hearing in federal district court. 8 U.S.C. § 1447(b). The court has exclusive jurisdiction over the applicant's complaint and "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." *Id.* Once a district-court action has been filed, USCIS cannot complete adjudication of the application unless the court remands the matter to the agency to "determine the matter." *Id.* (court may "remand to the Service to determine the matter"); *United States v. Hovsepian*, 359 F.3d 1144, 1160–64 (9th Cir. 2004) (en banc) (USCIS cannot complete adjudication until remand).

Remand is appropriate here. The litigation was filed eight months after the application was filed and four months after the interview. The delay was due to an investigation about the plaintiff's eligibility for naturalization, including whether his adjustment to lawful-permanent-residence status was lawful.[4] In similar circumstances, district courts have remanded cases to USCIS. *Davijani v. USCIS*, No. 5:25-cv-07166-BLF, 2025 WL 3197872, at *1 (N.D. Cal. Oct. 17, 2025) (citing *Koltsov v. Martin*, No. ED CV18-00535 SJO, 2018 WL 6074575, at *3 (C.D. Cal. July 16, 2018) (collecting cases)). Remand expedites resolution of the naturalization application and does not delay it. *Guillen v. Garland*, No. ED CV21-01936 JAK (SHK), 2022 WL 3643662, at *3 (C.D. Cal. July 19, 2022); *Elias v. Ow*, No. 22cv1012-JO-RBB, 2022 WL 17069841, at *2 (S.D. Cal. Nov. 16, 2022).

**IT IS SO ORDERED.**

Dated: February 4, 2026

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] Pet. – ECF No. 1 at 3 (¶ 8), 4–5 (¶¶ 12–19); Ghirmai Decl. – ECF No. 16-1 at 1 (¶¶ 2–6).

[3] Mot. – ECF No. 16 at 3; Ghirmai Decl. – ECF No. 16-1 at 1 (¶¶ 5–6).

[4] Ghirmai Decl. – ECF No. 16-1 at 1 (¶¶ 4–5).

ORDER – No. 25-cv-07463-LB                    2

United States District Court
Northern District of California